UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| YOLANDA TYSON,<br><br>               Plaintiff,<br><br>    v.<br><br>MID-CENTURY INSURANCE COMPANY,<br><br>               Defendant. | Case No. 2:11-cv-00199-MMD-NJK<br><br>ORDER<br><br>(Def.'s Motion for Summary Judgment –<br>dkt. no. 21;<br>Plf.'s Motion for Leave to File Supplement<br>– dkt. no. 25) |

**I.    SUMMARY**

Before the Court are Defendant Mid-Century Insurance Company's Motion for Summary Judgment (dkt. no. 21) and Plaintiff Yolanda Tyson's Motion for Leave to File Supplement in Support of her Opposition (dkt. no. 25). For the reasons discussed below, the Motions are granted.

**II.   BACKGROUND**

On January 21, 2007, Plaintiff Yolanda Tyson was a passenger in a vehicle owned and driven by Vincent A. Marrero in Las Vegas, Nevada. At the time, Defendant Mid-Century Insurance Company ("Mid-Century") insured Marrero's car pursuant to a 2006 policy ("Policy") it entered into with Marrero. The Policy carried a $250,000 underinsured motorist liability limit. On that day, Tyson and Marrero were involved in an automobile accident with another driver, Kyle Bradshaw. Due to the injuries sustained by Tyson, Bradshaw's insurer, State Farm Mutual Automobile Insurance Company, made a $100,000 payment to Tyson representing its policy limit. After submitting a claim

for underinsured benefits, Mid-Century paid Tyson $150,000 — the sum equal to its liability limit minus the benefits paid by State Farm.

On September 30, 2010, Tyson filed this suit in state court seeking compensation from Mid-Century equal to the full underinsured motorist liability limit, plus incidental damages. (*See* dkt. no. 7.) Mid-Century timely removed to this Court (dkt. no. 1), and now seeks summary judgment on Tyson's claim (dkt. no. 25).

## III.    LEGAL STANDARD

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence

2

negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.  The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV.   DISCUSSION

The success of this Motion depends on the choice of law that governs Tyson's dispute.  Mid-Century seeks judgment on the basis that California law governs resolution of Tyson's claim, and that Mid-Century lawfully offset from its payment State Farm's benefits based on California's insurance code.  In her Response, Tyson claims that Marrero is a Nevada resident, and that the collision's occurrence in Nevada necessitates that Nevada law apply.  In her view, Nevada law recognizes an obligation for the insurer to compensate the injured in full notwithstanding any payments to the injured party from the tortfeasor ─ compensation she seeks from this suit.

### A.   Choice of Law

"Federal courts sitting in diversity must apply 'the forum state's choice of law rules to determine the controlling substantive law.'" *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 (9th Cir. 2005) (*quoting Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002)). Nevada employs the "substantial relationship" test for determining what state's law applies in a contract case.  *Consol. Generator-Nevada, Inc. v. Cummins Engine Co.,*

*Inc.*, 971 P.2d 1251, 1253 (Nev. 1998).  Five factors govern this analysis: (1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties.  *Id.* at 1253-54.

In this case, the first, second, third, and fourth factors weigh in favor of California law.  Marrero contracted with Mid-Century in California.  The contract was negotiated in California through a California-licensed insurance agent.  (*See* dkt. nos. 21-D and 21-2.)  The place of performance was California, since Marrero contracted with a California insurance agent and provided a California home and work address.  (*See* dkt. no. 21-C.)  The subject matter of the contract ─ Marrero's vehicle ─ was licensed in California, and was garaged in California.  (*See id.* at 2 and dkt. no. 21-B); *see Sotirakis v. United Servs. Auto Ass'n*, 787 P.2d 788, 790-91 (Nev. 1990) (applying five factors to insurance dispute to hold that California law governs dispute arising out of a California resident's policy issued in California).

With respect to the fifth factor, Mid-Century is a California corporation.  The factual record presented to the Court demonstrates that Marrero was also a California resident at the time he executed the Policy.  The fifth factor thus weighs in favor of applying California law.  Nevertheless, Tyson disputes Marrero's residency.  Tyson appended to her Response a signed declaration in which she attests to the Nevada residency of Marrero.  Mid-Century challenges the admissibility of the declaration on a number of grounds, including that Tyson's failure to comply with Fed. R. Civ. P. 26(a) or (e) prohibits her from appending the declaration in support of her opposition.  The Court agrees.  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  Tyson does not dispute her failure to comply with Rule 26, and instead points to her declaration as sufficient evidence to raise a genuine issue of material fact as to the application of California law.  Tyson further filed a Motion

for Leave to File Supplement in Support of her Opposition in which she attempted to object to Mid-Century's arguments about her declaration's inadmissibility. (*See* dkt. no. 25.) In her Motion, she again does not dispute her failure to comply with Rule 26, instead arguing only that her declaration is not hearsay and should be admitted on equitable reasons.[1] In light of the foregoing, she has failed to demonstrate that her noncompliance with Rule 26's disclosure rules is substantially justified or is harmless. *See, e.g.*, *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (exclusion justified in light of party's failure to comply with Rule 26 and failure to argue that non-disclosure was justified or harmless). The Court will not ignore such a violation of cardinal discovery procedure. As a result, Tyson fails to present any facts to disturb the Court's conclusion that California law applies to this dispute.

But even were Marrero to be a Nevada resident at the time of the injury (contrary to the stated terms of the Policy he entered into), and even were his car driven primarily in Nevada, the balance of the choice of law factors weighs in favor of applying California law. The Policy evidences an expectation that favors the application of California law. *See Williams v. United Servs. Auto. Ass'n*, 849 P.2d 265, 266 (Nev. 1993) (holding that California law applied to a dispute arising out of a Nevada automobile accident where the insurance policy was executed in California between California insurer and California resident). It would be unjust to succumb Mid-Century to Nevada law in light of Marrero's apparent failure to provide accurate information regarding his residency status. That he agreed to pay California rates for an insurance policy to cover his California-licensed and garaged car weighs in favor of applying California law to this dispute, notwithstanding Marrero's Nevada residency. *See McKeeman v. Gen. Am. Life Ins. Co.*, 899 P.2d 1124, 1126-27 (Nev. 1995) (applying California law to insurance dispute involving Nevada resident where insurer obtained the policy from a California agent and listed a California

---

[1] The Court reviewed the substance of Tyson's Motion, as well as Mid-Century's timely Response. Tyson's Motion is thus granted.

license as his address).  Tyson's argument that this result would violate a strong Nevada public policy falls on deaf ears for the reasons articulated by the Nevada Supreme Court in *Williams*: Nevada public policy is applied "only where other states' laws would preclude *all* recovery for the injured insured."  *Id.* at 267 (emphasis in original; *citing Daniels v. Nat'l Home Life*, 747 P.2d 897 (1987)).

Accordingly, even if Tyson were able to provide facts that question Marrero's California residency, the balance of the choice of law factors favors applying California law to this dispute.

**B.    Application of California Law**

The law governing underinsured and uninsured insurance benefits in California is set out in the state's insurance code.  Among other relevant provisions, California Insurance Code § 11580.2(p)(5) provides that "the insurer is entitled to reimbursement or credit in the amount received by the insured from the underinsured tortfeasor or his or her insurer."  *Hartford Fire Ins. Co. v. Macri*, 4 Cal. 4th 318, 328 (1992).  "As the statutory scheme is designed, the underinsured motorist carrier gets a dollar-for-dollar credit for all payments by third party tortfeasors to the insureds, whether the insureds are made whole or not."  *Id.* (*quoting Malone v. Nationwide Mut. Ins. Co.*, 215 Cal. App. 3d 275, 277 (Cal. Ct. App. 1989)).

In the instance case, Mid-Century complied with § 11580.2(p)(5) by paying Tyson $150,000, which constitutes Mid-Century's underinsured policy limit offset by the payment made to Tyson by Bradshaw's insurer.  Tyson does not dispute these facts, and rests her opposition to Mid-Century's motion solely on inapplicable Nevada law.  She does not demonstrate entitlement to any relief under California law.  Having failed to raise any genuine issue of material fact with respect to her claims against Mid-Century, the Court grants Mid-Century's Motion.

///

///

///

## V. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Defendant Mid-Century Insurance Company's Motion for Summary Judgment (dkt. no. 21) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Tyson's Motion for Leave to File Supplement in Support of her Opposition (dkt. no. 25) is GRANTED.

The Clerk of Court is instructed to close this case.

DATED THIS 22nd day of February 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE